Joseph Liff, J.
Upon the foregoing papers it is ordered that this motion by defendant Asheroff (the action was discontinued as against the other defendants) for an order recalling the court’s decision of June 25,1968, requesting the court to pass on findings of fact, or in the alternative for a new trial, is denied.
In its decision the court stated the facts which it deemed essential to its determination (CPLR 4213, subd. [b]) and the conclusions of law at which it had arrived. There is no requirement under the present statute (CPLR 4213, subd. [a]) that the court make findings of fact. "While subdivision (a) of CPLR 4213 was derived from section 439 of the Civil Practice Act, the last sentence of the latter section was omitted from the CPLR provision. This was done by the framers of the CPLR with the intention that the court would then be permitted to determine whether findings should be submitted by the parties to be passed upon by the court or simply to embody its findings in its decision. (Second Preliminary Report of Advisory Committee on Practice and Procedure, N. Y. Legis. Doc., 1958, No. 13, p. 241; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4213.06; 8 Carmody-Wait 2d, New York Practice, § 60:14.)
Moreover, the requests submitted were at odds with, and would have tended to confuse the court’s decision (cf. 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4213.01).
Settle judgment on notice. The attention of the parties is directed to the fact that the court’s decision was based on a presumption of plaintiff’s ownership and this should be reflected in the proposed judgment.