Albert P. Williams, J.
This holdover proceeding was tried before me on November 18 and 19,1971. This is a much-litigated matter which concerns the right to possession of apartment 160 in the building at 118 East 60th Street, New York City.
HISTORY
A history of the proceedings to date is helpful before proceeding further to determine the issues of law and fact presented in this current proceeding. The building in question was erected in 1964, and operated as a rental building until May 1, 1970, when, it became a co-operative apartment house. The tenant along with some other tenants opposed the plan and did not purchase the shares allocated to his apartment. On or about May 1, 1970 the petitioners purchased the shares allocated for apartment 160. They took those shares subject to the occupancy of the tenant. The tenant had first taken possession of the apartment pursuant to a lease, which by its terms had terminated on September 30, 1969. At the expiration of the term set in the lease, the tenant held over and remained in possession, paying $390 a month rent.
In September, 1970, a holdover proceeding was commenced by the petitioners. A final judgment for the landlord was entered on December 10,1970, after trial. The tenant appealed from the judgment and was successful in the Appellate Term in securing a reversal. In the opinion the Appellate Term reversed on the grounds of the failure to allege and provide compliance with *672 the New York City Housing Maintenance Code. (Gould v. Pollack, N. Y. L. J., June 18, 1971, p. 2, col. 3.) The Appellate Term did not concern itself with the other assertions of the tenant, one of which was the invalidity of the co-operative plan.
The validity of the co-operative plan was the subject of Supreme Court litigation. The tenant in that proceeding, together with some others, instituted a proceeding challenging the validity of the co-operative plan. In Adler v. Bonner Realty & Constr. Corp. (62 Misc 2d 710, affd. 34 A D 2d 1103, mot. for lv. to app. den. 27 N Y 2d 489, mot. for stay den. 27 N Y 2d 1006) Justice Spiegel held that the plan was valid. The tenant, with some other tenants, then made an application to the Rent Commission. They asserted in their application that they were entitled to the protection of the rent laws and not subject to eviction. The Rent Commission denied this application. (Protest Docket No. CPIA 9610 Order dated Sept. 30, 1971.) The tenant and others instituted an article 78 proceeding in the Supreme Court to review that determination. Mr. Justice Gold dismissed the article 78 proceeding. (Matter of Pollack v. Department of Rent & Housing Maintenance, N. Y. L. J., Jan. 18, 1971, p. 2, col. 3.)
After Justice Gold’s decision, this proceeding was instituted, returnable on August 25,1971. In the Calendar Part the tenant, through his attorney, moved to dismiss the petition on the grounds that the petition failed to allege that the premises were subject to rent stabilization; that the petition was otherwise defective; that the determination of the Appellate Term in the prior dispossess proceeding was res judicata, and that the co-operative plan was not such as to deprive the tenant of his rights under the Rent Stabilization Law. The motion was denied by the Judge then sitting in the Calendar Part, with leave to renew on trial, and the case was set down for trial on September 13. The tenant appealed the denial of his motion to the Appellate Term; he also asked for a .stay. His motion for a stay was denied. Tenant then served an answer and a jury demand. The petitioners moved to strike the jury demand. Petitioners’ motion was granted. The tenant took an appeal from the order, and moved to stay the trial, pending the decision on the appeal. A temporary stay was granted and extended beyond the September 13 trial date. This caused the adjournment of the case to September 23. The Appellate Term denied the motion for a stay and the case came on for trial before Judge Stecheor on September 23. At the opening of the trial the respondent renewed his motions to dismiss. Judge Stecheb *673 denied his motion with a decision dated October 29, 1971, setting the case down for trial on November 8. The tenant obtained an adjournment on November 8 to November 11 in order to subpoena a witness. However, on November 9 the tenant secured a stay by appealing to the Appellate Term the decision of Judge Stecheb. At the November 11 call of the calendar, the case was adjourned to November 18. On November 17 an order was entered, denying the tenant’s motion for a stay. On November 18 I commenced the trial of this matter.
tenant’s motions at the beginning of the trial
Immediately before the start of the trial the respondent again sought to have the petition dismissed. The transcript of his argument is 16 pages in length. Petitioners’ response to that argument is 9% pages. The respondent in his motion, seeking the dismissal of the petition, urged the same grounds he argued before Judge iStecher on September 23 and one additional ground. At the outset I must determine the effect, if any, of Judge Stecheb’s ruling on respondent’s September 23rd motions. No order was entered on Judge Stecheb’s decision. At the close of his decision, Judge Stecheb reassigned the case back to Part 49 for the matter to appear on the holdover calendar of November 8, 1971. Although I agree with the reasoning and holding of Judge Stecheb’s opinion, I do not believe it is binding on me. This matter having come to me as it did from the Calendar Part, I am of the opinion that it was proper for the respondent to renew his motion to dismiss. The reference by Judge Stecheb to the Calendar Part and the assignment by the Calendar Part to my trial part did not constitute the continuance of a trial. I am of the opinion that it would be violative of section 7-b of the Judiciary Law for me to have proceeded to trial in reliance on Judge Stecheb’s decision without granting respondent an opportunity to argue his motion for dismissal. (Katz v. McCosh, 19 Misc 2d 627.)
The respondent on his motion to dismiss the petition argued that:
1. The petition, which is dated August 16, 1971, one day after the Presidential Freeze Order went into effect, failed to state that the petitioners have complied with the President’s Freeze Order or with the Economic Stabilization Regulations which went into effect on November 14,1971.
2. The petitioners’ statement that the subject premises were not subject to New York City rent control laws by reason of the fact that the building was constructed after 1947, was not a sufficient allegation.
*674 3. The petitioners’ statement that the subject premises were not subject to the Rent Stabilization Law of 1969 by reason of the filing and acceptance of a plan for co-operative ownership by the Attorney-General, prior to the effective date of the Rent Stabilization Law, was not a sufficient allegation, for the reason that the building was not subject to rent control. The petition fails to allege that the building was acquired by the present owner in accordance with that plan.
I reserved decision on respondent’s motions at the time of trial and now in this opinion deny his motions. As Judge Stecheb said in his opinion, denying the same motion, “ The intent of the statute (Real Property Actions and Proceedings Law, § 741, subd. 4) and the case law * * * is to require that the petitioners inform the respondent of the basis for the petitioners’ suit. That is done here, adequately. It is not the intent of the law to destroy the summary proceeding .remedy by being overly restrictive in rules of pleading ’ ’ (Gould v. Pollack, L & T 65884/71, Oct. 29, 1971 [Stecher, J.]). As to respondent’s first argument regarding allegations of compliance with the Presidential Freeze, at the time of the drawing of the petition and not to this date has there been any amendment to the Rules of the Civil Court of the City of New York making such an allegation necessary. The respondent’s argument that a petition drawn on August 16,1971 should recite an allegation that the petitioners have complied with regulations not published until three months later, is ridiculous and absurd.
I will not dwell at length with the respondent’s arguments concerning the necessary allegations about rent control and rent stabilization. Judge Stecheb covered this ground quite precisely. As previously stated, I do not consider Judge Stecheb’s decision binding upon me. However, I am in total agreement with his reasoning and adopt that reasoning in this case. The petitioners’ petition informs the respondent quite adequately of the basis of the proceeding. The Appellate Division in Giannini v. Stuart (6 A D 2d 418, 420) clearly stated the view that, “ A tenant is entitled to a concise statement of the ultimate facts upon which the proceeding is predicated so that the issues, if any there be, are properly raised and can be met”. The petitioners have done this.
BES JUDICATA
The petitioners in their posttrial memorandum at Part II assert, “ There are no truly disputed issues of fact.” I accept that view. Aside from certain posttrial attacks made by the *675 respondent on the petitioners’ case, the thrust of respondent’s argument is that the petitioners have not shown that the apartment is not subject to rent control or rent stabilization. These issues have previously been litigated, decided, appealed and affirmed. The issues sought to be raised by the tenant are res judicata and are binding on him. It was specifically held in Adler v. Bonner Realty & Constr. Corp. (supra) that the building, in which the disputed apartment exists, is not subject to rent control. Justice Spiegel in deciding Adler v. Bonner said: “ The building involved herein was constructed in 1964 and was not subject to the rent control laws in force at that time. I find that the Bent Stabilization Law of the City of New York, which was enacted after the offering statement had been filed, is not applicable. However, even if the co-operative plan offering came under the provisions of the code, there has been no showing that the sponsor failed to meet the minimum requirements necessary to declare the plan effective.” (62 Misc 2d 710, 712-713.)
The respondent was a party to that suit and cannot now be heard to again litigate that issue.
The tenant is foreclosed in this proceeding from again raising the issue of whether the premises are subject to rent control. That issue also is res judicata. The tenant participated in, on August 4, 1970, a protest filed with the Commissioner of the Department of Bent and Housing Maintenance. The protest was against a determination made on June 30, 1970 by the District Director of the Lower Manhattan District Bent Office. The Commissioner, in his determination, affirming the District Director said: ‘ ‘ The issue in this proceeding is whether the District Bent Director properly denied the tenants’ request to institute a proceeding under Section 36 of the rent regulations to establish maximum legal rents for various housing accommodations in the subject building. The protested determination of the District Bent Director was to the effect that no proceeding under Section 36 of the rent regulations would be instituted to establish maximum rents for the various housing accommodations in the subject building, due to the fact that the owner of the building, is not required to join the Bent Stabilization Association, pursuant to the Bent Stabilization Law, and that, therefore, the subject building cannot be placed under standard rent control.”
The Commissioner ordered that the protest be denied and that the determination of the District Bent Director be affirmed. (Protest Docket No. CPIA 9610, Order dated Sept. 30, 1971, *676 supra.) The decision of Justice Gold in the article 78 proceeding that followed held in part: 1 ‘ The circumstances established that the commissioner properly refused to initiate such proceeding, particularly in light of the determination, basically, of these very issues in the action for a declaratory judgment brought by these petitioners (Adler v. Bonner Realty & Constr. Corp. 62 Misc 2d 710, affd. 34 A D 2d 1103, leave to appeal denied by the Appellate Division and the Court of Appeals). Under the doctrines of res judicata and collateral estoppel, petitioners may not relitigate those issues. The petition is accordingly dismissed. Settle judgment.” (N. Y. L. J., Jan. 18, 1971, p. 2, col. 3, supra.)
The issues of rent control and rent stabilization have been decided and decided in each instance against the tenant.
The respondent during the course of the trial and in his motions at the end of the entire ease sought to urge on this court that the petition was not properly verified. Affixed to the petition is a form of verification signed by the petitioner Louise Gould before a notary public. The form of the verification is that which is required by CPLR 3021. The respondent’s attorney through cross-examination sought to raise an issue of fact as to whether the verification had in fact been made. In the opinion of this court, he failed. The petition in this proceeding stands as a properly verified petition. There was no duty on the part of the petitioners to call the notary public as a witness in this proceeding, even if said notary public is under the control of the petitioners’ attorney.
OTNER JURISDICTIONAL OBJECTION
Issue was joined in this proceeding by the filing of an answer and a jury demand. The first paragraph of the answer stated: “Respondent objects to the jurisdiction of the court of the person of the respondent and the subject matter of this proceeding, and for his answer to the petition, says: ”.
There followed six numbered paragraphs which: (1) denied various allegations in the petition; (2) claimed the petition failed to state a cause of action; (3) asserted an affirmative defense that the property was subject to rent control; (4) that the co-operative plan had been abandoned, the offering was fraudulent; (5) respondent’s right to the apartment was superior to that of petitioners by virtue of the fact that the petitioners are estopped from claiming that premises are not subject to rent stabilization; (6) a claim of res judicata in that the Appellate Term had dismissed a prior proceeding.
*677 The motions made before the start of trial did not contain any argument going to the question of personal jurisdiction or subject matter jurisdiction. The respondent participated in the trial by cross-examining the petitioners’ witness. The respondent rested at the end of the petitioners ’ case. In his motions at the end of the case, the respondent then asserted there had been no proof of service of the petition and notice of petition and no proof of service of the 30-day notice. The respondent relies on CPLB 3211 (subd. [e]), which permits a jurisdictional objection to be raised either by motion in the first instance or in the answer. The respondent is correct certainly in his position that a jurisdictional objection is not waived when it is asserted in the responsive pleading and he has not previously moved under any of the grounds set forth in subdivision (a) of CPLB 3211. The problem here is, which is the respondent’s objection? His answer merely stated an allegation without alleging any facts, “ Bespondent objects to the jurisdiction of the person of the respondent and the subject matter of this proceeding”. No facts are pleaded from which this assertion can be drawn. The answer is wholly inadequate on its face. The respondent having chosen not to put in any case of his own, has failed to raise an issue of fact as to the jurisdictional questions. The petition asserts personal service of the notice of termination. The notice of petition contains an affidavit of service of the petition and the notice of the petition. The respondent asserts nothing to contradict this and introduced no evidence on the question. The respondent’s statement in his answer regarding jurisdiction is a mere conclusion; no ultimate facts in support of the contention were pleaded; it is wholly conclusory and insufficient as a pleading. (Monclova v. Arnett, 7 Misc 2d 357 [1957] ; Bushell v. Sirlin Plumbing Co., 14 A D 2d 589 [1961], affd. 11 N Y 2d 822.)
THIRD-PARTY BENEFICIARY THEORY
The respondent’s argument in this regard is that he is a third-party beneficiary under the co-operative plan contracted for by the petitioners. In the plan the petitioners were advised that they took their interest in the apartment subject to the rights of the tenant then occupying the apartment. Further, the petitioners were told that the apartment may have been subject to the Bent Stabilization Law. This court has not been persuaded that the agreement by which the petitioners entered into a contract with the owner of the fee, whereby the petitioners would have to pay a total purchase price of $34,160 for the shares *678 representing apartment 16C, was a contract for the benefit of the respondent. New York courts have been liberalizing the theory of third-party beneficiary, but not to the extent here urged by respondent. The trend has had to do with allowing a donee beneficiary to recover upon a promise intended for his benefit without a showing of any additional element. The respondent has not shown that this contract of purchase was a contract for his benefit.
Neither is this court persuaded that the respondent may rely on the doctrine of estoppel, either as part of his third-party beneficiary theory, or as a separate principle in this case. Essential to a finding of ‘ ‘ estoppel ” is a finding that there was reliance and reliance to the detriment of the party claiming estoppel. Where is there reliance in this case? The history of this case shows the various legal proceedings participated in by the respondent. Did he rely on the representations of the co-op offering or did he not participate in the Adler case, attempting to establish the invalidity of the plan? Did he rely on the representations of the co-op offering or did he not participate in the administrative proceedings before the Rent Commission and the article 78 proceeding that followed?
MISCELLANEOUS CLAIMS
The respondent’s claim of fraud in the co-operative offering has already been answered in Adler v. Bonner Realty & Constr. Corp. (supra).
Lastly, the respondent asserts that the petitioners have not made a showing that they need the apartment. He asserts that the petitioners currently reside in a large apartment in the Riverdale section of this city and made no showing of need for possession. Further, the respondent argues that the court determine whether the petitioners sought the apartment for their own use or for subletting to another tenant at a higher rental. The answer to that assertion is that it is no business of the court what the petitioners want to do with the apartment. Nor is it of concern to this court that the petitioners want to move from Riverdale to the ‘ ‘ East Side. ’ ’ The question before this court is which of the parties has the superior right to the apartment under the law. The respondent has failed to show he is protected by either the Rent Stabilization Law or the Rent Control Law.
CONCLUSION
Therefore, by virtue of the fact that the petitioners are the owners of the shares representing a right to hold a proprietary *679 lease on apartment 16C and by having executed said lease, it is the determination of this court that petitioners are entitled to possession.
The respondent’s request for findings of fact is denied. This opinion states the facts the court found essential to its determination and conclusion. (Harbor Assocs. v. Asheroff, 57 Misc 2d 1016.)
Judgment of possession to the petitioners. Issuance of the warrant is stayed to January 31, 1972 pending a hearing before me on the issue of whether there should be a longer stay. Said hearing is to be held before me on January 7, 1972 at 10:30 a.m. in Part 45 of this court.