*554 OPINION OF THE COURT

Per Curiam.

Order entered January 8, 1982 modified by denying the motion of the intervenor-respondents for summary judgment dismissing the petition's, petitions reinstated, and all proceedings stayed pending final determination of the issue of “required services” by the Conciliation and Appeals Board; as modified, order affirmed, without costs.
Petitioner is the landlord of a 240-unit single-room occupancy hotel situated on Manhattan’s upper west side. The residential tenants of the hotel are subject to the Rent Stabilization Law' (Administrative Code of City of New York, § YY51-3.1) and the Code of the Metropolitan Hotel Industry Stabilization Association adopted thereunder (Administrative Code, § YY51-6.1). The respondents in these holdover proceedings are two social services organizations which have occupied space in the premises on a rent-free basis for approximately four years, providing on-site support services to the tenant population — many of whom are elderly and infirm, and receiving some form of public assistance. When landlord moved to evict the service providers upon revocation of their “license” (RPAPL 713, subd 7), the hotel tenants sought leave to intervene and to dismiss the proceedings on the ground that landlord was attempting to unlawfully reduce the level of services required to be furnished to hotel occupants (Code of Metropolitan Hotel Industry Stabilization Association, Inc., § 2, subd [p]) without prior approval of the Conciliation and Appeals Board (CAB). Essentially, it was (is) landlord’s position that while “required services” may not be discontinued without the permission of the CAB, such services are not at issue in the cases at hand because they were not directly provided by the hotel but only through agencies whom the hotel had gratuitously permitted to enter upon its premises.
The Civil Court, determining that it was “inappropriate” to defer resolution of the question presented to the administrative agency, reached the merits and dismissed the petitions, finding that the services, which were in place at the inception of the tenancies of a substantial percentage of *555 the hotel residents, were at least as vital as other services found by the CAB to constitute “required services” in other cases. In our judgment, such result is inconsistent with the rule enunciated by the Court of Appeals in 520 East 81st St. Assoc, v Lenox Hill Hosp. (38 NY2d 525), to the effect that once the threshold issue of the applicability of the Rent Stabilization Law (Administrative Code, § YY51-1.0 et seq.) is determined, the respective rights of landlord and tenant arising under that law should be passed upon administratively (cf. Walsh v Somerville, 75 AD2d 511). The question of what constitutes a “required service” and the maintenance thereof presents a factual issue to be resolved by the appropriate administrative agency (Fresh Meadows Assoc, v Conciliation & Appeals Bd., 88 Misc 2d 1003, 1004, affd 55 AD2d 559, affd 42 NY2d 925). Historically, this question has been left exclusively to the CAB as the agency charged with the responsibility for administering the Rent Stabilization Law.
The matter is not merely one of “jurisdiction”, for undoubtedly the court has jurisdiction to determine the question. The matter is more accurately defined as one of priority or primacy of jurisdiction — that is, whether court or agency will in the first instance decide a particular issue, since ultimately the court may still review what the agency has done in a CPLR article 78 proceeding. In “recognition of the need for orderly and sensible coordination of the work of agencies and of courts * * * a court normally should not act upon subject matter within the agency’s specialized field without taking into account what the agency has to offer” (Davis, Administrative Law [3d ed], § 19.01). We think it preferable that before adjudication of these eviction proceedings, the court have the benefit of the CAB’s construction of the concept of “required services” as applied to these particular circumstances.
Hughes, J. P., Riccobono and Sullivan, JJ., concur.