■ JUDITH BRUSSEL et al., Respondents, v RUXTON HOTEL ASSOCIATES, Appellant. — Order, Supreme Court, New York County (Gammerman, J.), entered August 10, 1982, denying defendant's motion to renew its opposition to plaintiffs' motion for summary judgment, which had been granted by the prior order and judgment (one paper, same court, same Justice), entered July 27, 1982, unanimously reversed, on the law, without costs, the motion to renew granted, and upon renewal, plaintiffs' motion for partial summary judgment on their first cause of action denied and the said order and judgment entered July 27, 1982, vacated, except so much thereof as (1) denied plaintiffs' motion with respect to the second, third and fourth causes of action and (2) granted the cross motion to compel service of answers to interrogatories. The appeal from the said order and judgment entered July 27, 1982 is dismissed as superseded by the appeal from the said order on renewal entered August 10, 1982. We find Special Term abused its discretion in refusing to consider appellant's motion to renew on the merits. The first cause of action sought a declaration that plaintiffs, tenants residing at the Ruxton Hotel, were entitled to install private telephones in their apartments in addition to the telephone switchboard service furnished by the landlord. On the original motion, appellant opposed the request for partial summary relief, relying upon the provision in each lease which prevented the tenants from installing private telephones without the prior written consent of the landlord. Special Term found that there should be implied in the lease a provision requiring that the landlord demonstrate a rational basis for its refusal to consent to the installation, albeit the lease, on its face, did not impose any condition to the right of the landlord to withhold its consent. *Nina Equities Corp. v Wardhaw* (NYLJ, April 20, 1982, p 7, col 1 [App Term, 1st Dept]), relied upon by Special Term, is distinguishable. There, faced with an attempt by the landlord to withdraw permission previously given to the tenant to harbor a pet, the court imposed a requirement that the landlord demonstrate a rational basis for its revocation. Since the decision in *Nina Equities* had not been rendered at the time of the original submission, its applicability to the facts of this case could not have been addressed by the parties on the original motion. Moreover, the determination in *Nina Equities* was rendered after trial, at which the parties had been afforded an opportunity to adduce evidence as to whether there was a rational basis for the action by

the landlord. Here, that right was denied when Special Term refused to consider the motion to renew on the merits. We are in agreement that the motion by the landlord was properly one to renew. A motion for renewal, as distinguished from one for reargument, is based upon additional material facts which existed at the time of the prior application, but which were not then known to the party seeking leave to renew and, therefore, not made known to the court. Upon renewal, a party must demonstrate a valid excuse for not submitting the additional facts upon the original application (*Foley v Roche*, 68 AD2d 558, 568; *Ecco High Frequency Corp. v Amtorg Trading Corp.*, 81 NYS2d 897, affd 274 App Div 982, mot for lv to app or for rearg den 274 App Div 1056). Here, on renewal, the landlord set forth that adverse economic consequences would result were tenants to be granted permission to install private telephones in addition to the long-existing telephone switchboard service furnished by the hotel, appellant projecting an annual loss of $125,000. We disagree with Special Term that, on this record, the excuse should have been offered on the original motion. To the contrary, on the initial application, the landlord contended that each lease reserved to it an absolute right to withhold its consent. The papers on the original submission did not apprise appellant that Special Term would engraft upon the lease an implied requirement that the landlord must show that reasonable grounds exist nor had the issue been raised by the plaintiffs' conclusory assertion that the refusal to consent was "arbitrary and capricious." Moreover, we find the underlying issue with respect to any right on the part of the tenants to install and any obligation on the part of the landlord to consent to installation of private telephone service in these hotel premises to be a matter which more appropriately should be presented to and disposed of by the Conciliation and Appeals Board (CAB), not by judicial proceedings. Concededly, the premises are within the jurisdiction of the CAB. The issue here with respect to the sufficiency of telephone service maintained by appellant, insofar as it relates to the maintenance of required services and any rent adjustment for any diminution in such services, should be passed upon by the administrative agencies which have the necessary and requisite expertise to consider the issue (*Greenthal & Co. v 301 East 21st St. Tenants' Assn.*, 91 AD2d 934; see, also, *Saljen Realty Corp. v Human Resources Admin. Crisis Intervention Servs.*, 115 Misc 2d 553). Concur — Murphy, P. J., Ross, Silverman, Bloom and Kassal, JJ. [114 Misc 2d 574.]