■ WATSON S. JAMES et al., Appellants, et al., Plaintiffs, v MARIANNE NESTOR et al., Respondents, et al., Defendants. 15 EAST 63 STREET COMPANY, Petitioner, v CARROLL COOK et al., Respondents.—Order, Supreme Court, New York County (Shorter, J.), entered June 28, 1985, granting the motion of defendants-respondents Marianne and Peggy Nestor for leave to reargue and renew and, upon reargument and renewal, vacating its prior order entered on November 23, 1984 denying plaintiff Lisa Roggli's motion for a preliminary injunction to restrain the Nestors from commencing proceedings to evict

her or otherwise interfere with her tenancy, and granting the motion of the Nestors to dismiss the fifth cause of action of the amended consolidated complaint, is unanimously reversed, on the law, with costs and disbursements, the motion denied and the prior order reinstated.

Although Special Term granted "leave to reargue and renew", it found only that "defendants have demonstrated new or additional facts not before the court in the original motion" which the plaintiff failed to controvert. This is not a ground for reargument which, involving only the papers presented on the original application, asserts that the court misapprehended the facts or the law (see, 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2221.04). Additional facts that were not before the court on the original application provide ground for renewal if they existed at the time of the original application, but were then unknown to the one seeking renewal (see, Foley v Roche, 68 AD2d 558, 568; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2221.03). Neither instance is applicable here. One new or additional fact claimed by the Nestors is that Roggli had complained to the Conciliation and Appeals Board of a fuel surcharge and that the Nestors had failed to issue her a lease. This complaint antedated by months the motion here involved. Although the Nestors' attorney states that he was not advised of the complaint until after the motion, it is significant that the Nestors themselves have not denied receiving service of the complaint. It was also submitted as a new or additional fact that Roggli had moved to Italy and no longer resided in the building. There is no evidence to support this assertion. It was based on hearsay of the defendants' counsel. Moreover, it was not directly controverted because it was raised in a reply affidavit. To the extent that it was indirectly controverted by Roggli's earlier affidavit attesting to her New York residency, it must be deemed not a new fact but an issue of fact.

To the extent that defendants sought reargument, their assertions were a repetition of those originally made. This is not the purpose of reargument (see, Foley v Roche, supra). Concur—Kupferman, J. P., Sullivan, Lynch, Rosenberger and Ellerin, JJ.