■ MARSHA KLEIN, Appellant, v MOUNT SINAI HOSPITAL, Respondent.—Order of the Supreme Court, New York County (Elliott J. Wilk, J.), entered May 20, 1985, granting the motion by defendant Mount Sinai Hospital for reargument and renewal and, upon such reargument and renewal, denying plaintiff's motion to strike defendant's answer and vacating the order entered on September 25, 1984 directing that defendant's answer be stricken and the matter set down for an assessment of damages, is unanimously reversed, on the law and facts and in the exercise of discretion, the motion by defendant denied and the order of September 25, 1984 reinstated, with costs.

In this malpractice action, defendant failed to comply with a conditional order of the court dated May 23, 1984, directing it to furnish items of discovery within 20 days of the service of a copy of the order or have its answer stricken. Plaintiff, although maintaining that the order was "self-executing", moved pursuant to CPLR 3126 to strike the answer for failure to comply with this order. Special Term, in an order dated September 25, 1984, granted this motion and set the matter down for an assessment of damages.

Thereafter, Special Term, in the order appealed from, granted defendant's motion for reargument and renewal and, upon reargument and renewal, vacated its prior order striking the answer. We find the original conclusion to have been correct and the substituted one to have been an abuse of discretion and, therefore, reverse and reinstate the prior order.

Insofar as its motion was one for reargument, defendant failed to demonstrate that the court misapprehended any facts or misapplied any controlling principle of law in reaching its prior conclusion that defendant had failed to properly and timely comply with the order of May 23, 1984. Furthermore, insofar as the motion was purported to be one for "renewal", defendant presented no new facts justifying such renewal which existed at the time of the prior motion but were not then known to it. Even if alleged compliance with the order of May 23, 1984 is deemed to be such "new facts", there was no

valid excuse offered by the defendant for not submitting these additional facts upon the original application. *(See, Brussel v Ruxton Hotel Assoc.,* 91 AD2d 919, 920.) Concur—Kupferman, J. P., Asch, Fein, Milonas and Wallach, JJ.