■ Isaac Silverman, Appellant, v Leucadia Inc. et al., Respondents.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered June 26, 1989, denying plaintiff's motion to renew and granting defendant's cross motion for sanctions in the amount of $1,000, unanimously affirmed, without costs or disbursements.

Leucadia had previously held mortgages on Silverman's property. Since 1978 these parties have been involved in litigation based on that relationship. Silverman has alleged that Leucadia engaged in fraud and other wrongdoings to take control of the properties.

By orders entered March 22, 1984 and affirmed by this court, Silverman was enjoined from bringing any further actions without prior permission of the court. By order entered November 17, 1988, Silverman was found guilty of contempt of the March 22, 1984 order.

In December 1988, Silverman filed papers entitled "permission to file Notice of *Lis Pendens".* The court denied permis-

sion. In a motion dated April 5, 1989, Silverman moved to renew the December 1988 motion asserting that an agreement, dated June 30, 1977, was not before the court. A motion to renew must be based upon additional material facts which existed at the time the prior motion was made but were not then known to the party seeking leave to renew and therefore not made known to the court. *(See, Foley v Roche,* 68 AD2d 558, 567; *see also, James v Nestor;* 120 AD2d 442; *Klein v Mount Sinai Hosp.,* 121 AD2d 164.) Through Silverman's own admissions, he knew of the June 30, 1977 agreement at the time of the December 1988 motion.

Under these circumstances, it was not an abuse of discretion for the motion court to impose sanctions upon Silverman for engaging in frivolous conduct pursuant to 22 NYCRR 130-1.1. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.