OPINION OF THE COURT
Barbara R. Kapnick, J.
Petitioner landlord, Benjamin Shapiro Realty Company, commenced this summary nonpayment proceeding against respondent tenant, Christina Henson, seeking back rent and possession of the subject premises, 101 West 57th Street (also known as The Buckingham), apartment 7H, New York, New York.
Petitioner now moves pursuant to CPLR 3211 (b) to dismiss respondent’s first defense, second defense, setoff and/or counterclaim, and third defense. Respondent cross-moves pursuant to CPLR 408 for an order granting her leave to conduct limited discovery.
Petitioner first moves to dismiss respondent’s first defense, in which she alleges that the amended petition fails to set forth sufficient facts relating to the purported exemption of the subject premises from the New York City Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY, tit 26, ch 4), the Emergency Tenant Protection Act of 1974 *3 (ETPA) (L 1974, eh 576, § 4) and the New York City Rent and Rehabilitation Law (RRL) (Administrative Code, tit 26, ch 3). Respondent’s counsel apparently consented by stipulation dated April 23, 1993, to accept service of an amended petition so that petitioner could amend its allegations regarding the stabilization/control status of the apartment. While petitioner did amend its allegations regarding the status of the apartment, respondent argues that the factual allegations relating to the apartment’s status are still insufficient.
It is well settled that "[a] tenant is entitled to a concise statement of the ultimate facts upon which the proceeding is predicated so that the issues, if any there be, are properly raised and can be met.” (Giannini v Stuart, 6 AD2d 418, 420 [1st Dept 1958]; RPAPL 741 [4].) "The requirement is particularly applicable in all eviction proceedings based upon an allegation of decontrol, for decontrol may rest upon any one of several statutorily specified conditions.” (Giannini v Stuart, supra at 420; see also, Papacostopulos v Morrelli, 122 Misc 2d 938 [Civ Ct, Kings County 1984].) However, "[i]t is not the intent of the law to destroy the summary proceeding remedy by being overly restrictive in rules of pleading.” (Gould v Pollack, 68 Misc 2d 670, 674, affd 71 Misc 2d 344 [App Term, 1st Dept].)
With respect to the rent control status of the subject premises, paragraph 10 of the amended petition states, in relevant part, that "The apartment is not subject to the Rent Control Law because on March 1, 1950, it was, and still is, located in a hotel, and the Respondent is not a tenant of the apartment who has resided continuously in the hotel since December 2, 1949, pursuant to the New York City Administrative Code, Section 26-403 e. 2(c).” This language substantially parallels the cited provision — RRL § 26-403 (e) (2) (c) — which provides, in relevant part, that a "housing accommodation” subject to the Rent and Rehabilitation Law does not include "housing accommodations in any establishment which on March first, nineteen hundred fifty, was and still is commonly regarded as a hotel in the community in which it is located and which customarily provides hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures and bellboy service, provided, however * * * that housing accommodations in hotels which have been and still are occupied by a tenant who has resided in such hotel continuously since December second, nineteen hundred forty-nine, so long as *4 such tenant occupies the same, shall continue to remain subject to control under this chapter.”
With respect to the rent stabilization status of the subject premises, paragraph 10 of the amended petition states, in relevant part, that "The apartment is not subject to the Rent Stabilization Law by reason of the fact that the unit is a housing accommodation located in a hotel and was rented on May 31, 1968 for more than $350.00 per month.” This language substantially parallels RSL § 26-506, which provides, in relevant part, that dwelling units in all hotels are regulated under the statute except dwelling units in "hotels erected after July first, nineteen hundred sixty-nine, whether classified as a class A or a class B multiple dwelling, containing six or more dwelling units, provided that the rent charged for the individual dwelling units on May thirty-first, nineteen hundred sixty-eight was not more than three hundred fifty dollars per month or eighty-eight dollars per week”.
Accordingly, this court finds that the petition alleges sufficient facts regarding the rent stabilization and rent control status of the apartment so as to apprise the respondent of the issues to be raised at trial. That portion of petitioner’s motion seeking to strike respondent’s first defense is, therefore, granted.
Petitioner next moves to strike respondent’s second defense, setoff and/or counterclaim, in which she alleges that the apartment is subject to rent control and/or rent stabilization and/or hotel stabilization, and that she has, therefore, been overcharged. Petitioner contends that the apartment is not subject to either rent control or rent stabilization coverage.
Petitioner first argues that the apartment is not subject to the RRL on the grounds that the subject premises has not been occupied by the respondent since December 2, 1949, and since on March 1, 1950, it was, and still is, located in a "hotel”. (See, RRL § 26-403 [e] [2] [c].)[1] Petitioner further argues that the subject premises is exempt from the RSL, on the grounds that the apartment is a housing accommodation located in a "hotel” and was rented on May 31, 1968 for more than $350 per month. (See, RSL § 26-506.) In addition, peti *5 tioner argues that since the premises are exempt from both the RRL and RSL, they cannot possibly be covered by the ETPA since it only relates to rooms in hotels which were previously subject to the Local Emergency Housing Rent Control Act (L 1962, ch 21) or to the Rent Stabilization Law of 1969. (See, McKinney’s Uncons Laws of NY § 8625 [a] [7], L 1974, ch 576, § 4.)
Respondent does not dispute that she has not resided in the building since December 2, 1949 (since she admits that she was not even born on that date). However, respondent argues that the building is not "commonly regarded as a hotel in the community in which it is located and which customarily provides hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures and bellboy service,” as required by RRL § 26-403 (e) (2) (c) and RSL § 26-504 (a) (1) (e). (See also, 9 NYCRR 2520.6, 2521.3.)[2] In addition, respondent contends that without the opportunity to conduct discovery, she lacks sufficient knowledge to determine whether or not the subject premises was rented for more than $350 per month on May 31, 1968.
This court turns its attention first to the question of whether or not the apartment is located in a "hotel”. Petitioner argues that it is not obligated in this proceeding to prove that the building meets the criteria of a "hotel”. Rather, petitioner argues that this court should defer to the expertise and the prior findings of the Division of Housing and Community Renewal (DHCR) that the subject building is, in fact, a "hotel”. Petitioner also relies upon the most recent certificate of occupancy dated March 8, 1993 (No. 73092) which designates the building as a class "A” multiple dwelling and as a "hotel”.
Petitioner annexes to its motion papers an order of the District Rent Administrator (order No. CDR 6,850) dated August 12, 1985, finding another apartment in the building exempt from rent stabilization, because the building complied with the requirements set forth in RSL § 26-506 and 9 NYCRR 2520.11 (g) (Administrative Code former § YY51-3.1, as *6 amended by L 1983, ch 403, § 43), which pertain only to apartments in "hotels”. In addition, petitioner submitted during oral argument two recent DHCR decisions, finding two more apartments in the building to be exempt from rent stabilization on the same basis (see, Application of Homiak, DHCR docket No. ZEA410032R, Aug. 27, 1993; Application of Bernat, DHCR docket No. ZHD410296R, Aug. 18, 1993). It is the petitioner’s position that implicit in these DHCR decisions is an affirmance of the building’s prior classification as a "hotel”.
Respondent, however, argues that these administrative determinations should not be binding on this proceeding since the District Rent Administrators did not directly address the status of the building or the question of whether or not the building provided the required "hotel” services, but apparently relied upon the building’s prior classification as a "hotel” in making their determinations. In essence, respondent argues that the petitioner has the burden of proving that this building is providing "hotel” services to its tenants and is recognized as a hotel in the community as part of its prima facie case.
This court is, therefore, called upon to determine a novel issue, namely, whether petitioner must make a prima facie showing that the building in which the subject premises is located meets the statutory and regulatory criteria of a "hotel”, or whether petitioner may rely on the building’s prior designation as a "hotel” which heretofore has not been specifically contested in a DHCR reclassification hearing, and which has been incorporated into subsequent DHCR administrative determinations.
It is well settled that in " 'recognition of the need for orderly and sensible coordination of the work of agencies and of courts * * * a court normally should not act upon subject matter within the agency’s specialized field without taking into account what the agency has to offer’.” (Saljen Realty Corp. v Human Resources Admin. Crisis Intervention Servs., 115 Misc 2d 553, 555 [App Term, 1st Dept 1982], citing Davis, Administrative Law § 19.01 [3d ed]; see also, Sohn v Calderon, 78 NY2d 755 [1991]; Missionary Sisters of Sacred Heart v Meer, 131 AD2d 393 [1st Dept 1987]; Fresh Meadows Assocs. v Conciliation & Appeals Bd., 88 Misc 2d 1003 [Sup Ct, NY County 1976], affd 55 AD2d 559 [1st Dept 1976], affd 42 NY2d 925 [1977].)
*7 The RSL expressly vests authority in the DHCR to classify buildings as hotels or apartment houses and to promulgate standards for such classifications. (See, Schick v Park Royal Assocs., 65 NY2d 1031 [1985]; Whitehall Hotel v Gaynor, 121 Misc 2d 736 [Civ Ct, NY County 1983]; RSL § 26-504 [b].) Here, the DHCR has apparently accepted the designation of the building as a "hotel”, and has incorporated that classification into its administrative determinations. This court has not been persuaded that there is any basis for upsetting that classification.
Moreover, this court notes that RSL § 26-506 (b) provides, in relevant part, that the DHCR — upon the application by a tenant or owner — "shall determine if such building is a hotel covered by this law, based upon the services provided and other relevant factors. If it is determined that such building is not a hotel, it shall thereafter be subject to this law pursuant to subdivision b of section 26-504 of this chapter” (emphasis added). (See also, 9 NYCRR 2521.3.) However, there is no dispute that respondent has not applied to the DHCR for a reclassification of the building which she certainly could have done at anytime during her tenancy. Moreover, under RSL § 26-506 (b), any reclassification would only be applied prospectively.
Accordingly, this court finds that petitioner need not prove during its prima facie case that the subject premises is located in a "hotel”, but may rely on the existing building classification. This court thus turns its attention to the question of whether or not the subject apartment was rented on May 31, 1968 for more than $350 per month.
Petitioner alleges that prior to building-wide renovations in 1972, the subject premises was part of what was known as unit 712, which was rented for more than $350 per month on May 31, 1968, and was, therefore, exempt from rent stabilization. Petitioner contends that the western chamber room of 712 was made into the studio room of the adjacent apartment, 7J, and that the remaining portion of the unit, which it alleges constitutes more than two thirds of the original space, was designated apartment 7H. In support of this position, petitioner has annexed to its papers prerenovation and postrenovation plans, including a "Typical Floor Plan”. Petitioner argues that apartment 7H retains apartment 712’s exemption from the rent stabilization regulations.
The DHCR was faced with the same issue in relation to both *8 Application of Bernat (supra) and Application of Homiak (supra). In Bernat, the District Rent Administrator found that "The subject apartment #7G was created out of the exempt apartment #710 by removing a part of the apartment in March 1973. Since apartment #710 was exempt from Rent Stabilization Regulations, the new apartment #7G, which is the remaining portion of apartment #710, remains exempt from the Rent Stabilization Regulations. Accordingly, the subject apartment #7G is not subject to the Rent Stabilization Law.” The DHCR arrived at the same conclusion in Homiak in relation to apartment 8G which was found to retain the exemption of apartment 810 from which it was partitioned. (See also, Towers Hotel Investors Corp. v Davis, 85 Misc 2d 451 [App Term, 2d Dept 1975], affd 54 AD2d 730 [2d Dept 1976], affd 42 NY2d 923 [1977].)[3]
This court shall, therefore, defer to DHCR’s expertise and its determination that an apartment created out of an exempt apartment retains that apartment’s exemption from the RSL. Accordingly, this court finds that assuming that the subject premises, apartment 7H, was created from apartment 712, and that the former apartment, in fact, rented for more than $350 on May 31, 1968, the subject apartment is exempt from the RSL.
Petitioner, however, fails to annex an affidavit of an architect or draftsman, attesting to the accuracy of the floor plans (see, e.g., Greenberg v Manlon Realty, 43 AD2d 968 [2d Dept 1974] [paper survey not competent evidence when not supported by an affidavit of the surveyor]), nor does the affiant, Steven Shapiro, state the basis of his knowledge regarding the exact floor plans for each floor and the construction of the subject premises. Furthermore, the only proof which petitioner annexes in support of its allegation that apartment 712 was renting for more than $350 per month on May 31, 1968, are copies of handwritten and partially illegible ledger sheets. Accordingly, this court finds that an issue of fact remains as to whether or not the subject premises, apartment 7H, is, in fact, subject to rent stabilization. Accordingly, that branch of *9 petitioner’s motion seeking to strike respondent’s second defense, setoff and/or counterclaim is denied.
Petitioner next moves to strike respondent’s third defense, in which she alleges that the landlord has failed to register the subject premises with DHCR, on the grounds that such a defense is only applicable where the premises is subject to rent control and/or rent stabilization. However, since the question of whether or not the subject premises is exempt from the RSL has not yet been determined, this branch of petitioner’s motion must be denied as premature.
Finally, this court turns its attention to respondent’s cross motion for leave to conduct discovery. The New York courts have permitted narrowly tailored pretrial discovery in summary proceedings where there is a showing of "ample need.” (New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983]; see also, 7101 Bldg. Co. v Boyle, NYLJ, Apr. 29, 1992, at 25, col 4 [Civ Ct, Kings County].) Here, it appears that information relating to the creation of apartment 7H and the prior rental amount of apartment 712 is in the sole control of the petitioner, and that such information is crucial to respondent’s defense of this proceeding. Accordingly, respondent’s cross motion is granted only to the extent of directing the petitioner to produce the records relating to the construction/ alteration of apartment 7H from apartment 712, and the rental history of the former unit for two years prior to and subsequent to May 31, 1968 within 30 days from the date of service of this order with notice of entry.

. Alternatively, petitioner argues that respondent’s apartment is exempt from the RRL under its implementing regulations on the grounds that the apartment became vacant after June 30, 1971 by voluntary surrender of possession. (See, 9 NYCRR part 2200 et seq. [New York City Rent and Eviction Regulations, tit 9, subtit S, ch VII, subch D].) However, no such allegation is set forth in the amended petition.

. In fact, respondent alleges that she has never received maid service, and on only one occasion has she ever seen a maid in the hallways of the building. In addition, respondent annexes an affidavit from Julie Khoury, who alleges that she has resided in the building since 1976, and that the landlord has never provided her with maid or linen service, or furniture and furnishings for her apartment.

. In Towers (supra), a suite of rooms was rented for more than $350 on May 31, 1968, and was subsequently divided into individual rooms which were rented to multiple tenants. The Appellate Term, Second Department, held that "in view of the failure of the Legislature to provide for the recontrol of rooms which were previously not controlled, the room occupied by * * * [tenant] is not subject to rent stabilization and is not a 'covered’ dwelling unit under the Hotel Code.” (Supra, at 454.)