■ · JOSEPH LENTINE, JR., Appellant, v MILL BASIN MARINE, INC., et al., Respondents. [620 NYS2d 1003] —In an action to declare a notice of lien and sale a nullity and to recover damages incurred as a result of the sinking of the plaintiff's vessel, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated May 18, 1993, as, upon reargument, adhered to a prior determination of the same court contained in an order dated October 14, 1992, granting the cross motion of the defendant Mill Basin Marine, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order dated May 18, 1993, is affirmed insofar as appealed from, with costs.

The Supreme Court granted the cross motion of the defendant. Mill Basin Marine, Inc. (hereinafter Mill Basin), for summary judgment dismissing the complaint insofar as it is asserted against it and awarded Mill Basin foreclosure of its lien. Months later, on the eve of the foreclosure sale, the plaintiff moved for reargument and sought a· stay of the scheduled sale. The stay was denied, reargument was granted, and, upon reargument, the Supreme Court adhered to its earlier determination. We affirm.

The plaintiff failed to establish that the Supreme Court misapprehended the facts or the law with respect to Mill Basin's cross motion for summary judgment dismissing the complaint insofar as it is asserted against it (see, James v Nestor, 120 AD2d 442; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2221.04). Accordingly, upon granting reargument, the Supreme Court properly adhered to its original determination.

The plaintiff's remaining contention, which is raised for the first time on appeal, is unpreserved for appellate review and, in any event, without merit. Sullivan, J. P., Lawrence, Ritter and Joy, JJ., concur.