■ BETTY L. KIMMEL et al., Respondents, v STATE OF NEW YORK et al., Appellants, et al., Defendant. (Appeal No. 1.) [700 NYS2d 634] —Order unanimously modified in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action against the State of New York, its Division of State Police, and five State Police Officers, alleging that defendants subjected plaintiff Betty L. Kimmel, a former State Trooper, to various acts of sexual discrimination, sexual harassment and retaliation culminating in an incident of assault. On a prior appeal, we held that various nonappealed orders of Supreme Court bound defendants to comply with plaintiffs' 58-item demand for discovery of documents, including State Police personnel records, and precluded defendants from relitigating the proper scope of document discovery and the applicability of Civil Rights Law § 50-a (*Kimmel v State of New York* [appeal No. 1], 261 AD2d 843). We noted "our strong disapproval of the obstructionist and delaying tactics carried out by defendants and tolerated by the court" (*Kimmel v State of New York, supra,* at 845). We further noted that the action had been commenced four years earlier but was still in the initial stages of discovery, and we urged the court to move the matter expeditiously. Accordingly, we directed defendants to comply with plaintiffs' discovery notice and the prior orders in the case.

Subsequently, by order entered July 27, 1999, Supreme Court directed that defendants comply with our May 7, 1999 order within 30 days by turning over " 'all documents identified in plaintiffs' original discovery request' "; that defendants be precluded " 'from again raising Civil Rights Law § 50-a as an obstacle to disclosure' "; and that their answers be struck and

the case proceed against defendants by default in the event of their failure to comply with discovery (appeal No. 1). By order entered September 2, 1999, Supreme Court denied the motions of defendants to renew their opposition to the foregoing order (appeal No. 2). By order entered September 27, 1999, Supreme Court denied the motion of certain defendants for a protective order or, in the alternative, for an in camera inspection of documents by the court. Additionally, the court denied the motion to relieve certain defendants from the disclosure sanction (appeal No. 3). Subsequently, by order entered October 8, 1999, Supreme Court denied defendants' motion to vacate or stay the July 27 order; denied defendants' motion to resettle certain 1995 and 1997 orders of Supreme Court; and ordered a hearing on plaintiffs' motion for monetary sanctions (appeal No. 4). Defendants appeal from those four orders, contending that Supreme Court erred in entering a conditional order striking their answer, should have granted the motions to renew or to vacate the conditional order, and should have resettled the 1995 and 1997 orders.

The nature and degree of the penalty to be imposed on a CPLR 3126 motion lies within the sound discretion of the trial court and will be disturbed only if there has been an abuse or improvident exercise of discretion (*see, Mohammed v 919 Park Place Owners Corp.*, 245 AD2d 351, 352; *Herrera v City of New York*, 238 AD2d 475, 476; *Grabow v Blue Eyes*, 123 AD2d 155, 158; *Associated Mut. Ins. Co. v Dyland Tavern*, 105 AD2d 892, 893). Since the inception of this action, defendants have completely resisted plaintiffs' requests for disclosure, repeatedly ignored and disobeyed court orders, and consistently thwarted or delayed disclosure by raising various objections and privileges. We reject the contention of certain individual defendants that they are not responsible for their own persistent failure to turn over documents in their own possession because such failure was attributable to the State Attorney General's Office, which was representing those defendants at the time. Since entry of our order directing defendants to comply with plaintiffs' discovery notice, defendants have continued to engage in such obstructionist and dilatory tactics. Further, despite our unequivocal mandate, defendants have continually attempted to relitigate the scope of document discovery under Civil Rights Law § 50-a. Under the circumstances, the court did not abuse or improvidently exercise its discretion in entering a conditional order striking defendants' answers in the event that defendants persist in disobeying our order (*see, Green v Kolur*, 234 AD2d 267, 268; *Parish Constr. Corp. v Franlo Tile*, 215 AD2d 545, 546; *Soto v City of Long*

*Beach*, 197 AD2d 615, 616; *Spiegel v Goodman*, 98 AD2d 815; *Bolser v Newport Trucking*, 90 AD2d 784, 785; *Danahy v Meese*, 84 AD2d 670, 671; *cf., DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 49-52; *Richard's Home Ctr. & Lbr. v Kownacki*, 247 AD2d 371). However, in the exercise of our discretion and in order to afford defendants one final chance to comply with discovery, we modify the order entered July 27, 1999 by providing that defendants have 30 days from the date of service of a copy of the order of this Court with notice of entry within which to comply with the order of this Court entered May 7, 1999 (*see, Miller v Duffy*, 126 AD2d 527, 528; *Malizia v Fasch*, 83 AD2d 958, 959; *Kress-Shoreview v Kleiman*, 58 AD2d 763). In all other respects, we affirm the July 27, 1999 order.

The remaining appeals must be dismissed. Although characterized as motions to renew or to vacate, defendants' motions involved no new matter not known to defendants at the time of the original motion, and thus in essence sought reargument (*see, Federation of Puerto Rican Orgs. v Mateo*, 235 AD2d 326, 327, *lv dismissed* 90 NY2d 844; *Klein v Mount Sinai Hosp.*, 121 AD2d 164, 164-165), and no appeal lies from an order denying reargument (*see, Empire Ins. Co. v Food City*, 167 AD2d 983, 984). Similarly, the appeals from the order entered October 8, 1999 must be dismissed on the grounds that no appeal lies from an order denying a motion to resettle the substantive portions of a prior order (*see, Gifaldi v Dumont Co.*, 172 AD2d 1025, 1026), nor from an order directing a hearing (and thus reserving decision) on an application (*see, Cobb v Kittinger*, 168 AD2d 923). (Appeals from Order of Supreme Court, Monroe County, Lunn, J.—Discovery.) Present—Green, J. P., Hayes, Scudder and Balio, JJ.