Sampath v New York-Presbyt. Healthcare Sys., Inc. (2025 NY Slip Op 50130(U))

[*1]

Sampath v New York-Presbyt. Healthcare Sys., Inc.

2025 NY Slip Op 50130(U)

Decided on February 4, 2025

Supreme Court, New York County

King, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 4, 2025
Supreme Court, New York County

Allan Sampath, Plaintiff,

against
New York-Presbyterian Healthcare System, Inc., THE NEW YORK AND PRESBYTERIAN HOSPITAL, NEW YORK-PRESBYTERIAN LAWRENCE HOSPITAL, and MAURY GREENBERG, M.D., Defendants.

Index No. 805114/2018

Raskin Morelli, LLP, Attorneys for Plaintiff, 26 Court St Ste 1611, Brooklyn, NY 11242
Heidell, Pittoni, Murphy & Bach LLP, Attorneys for all Defendants NY Presbyterian Healthcare System, Inc., NY and Presbyterian Hospital, and NY-Presbyterian Lawrence Hospital, 81 Main Street, White Plains, NY 10601
Kaufman, Borgeest & Ryan LLP, Attorneys for Defendant Maury Greenberg, M.D., 120 Broadway 14th Floor, New York, NY 10004

Kathy J. King, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 were read on this motion to/for DISMISS
Upon the foregoing papers, Defendant The New York and Presbyterian Hospital s/h/a "New York-Presbyterian Healthcare System, Inc., The New York and Presbyterian Hospital, New York-Presbyterian Lawrence Hospital" (hereinafter "NYPH") move pursuant to CPLR 2221(d) for leave to reargue the Court's October 18, 2023 Decision and Order and, upon re-argument, granting NYPH's motion for summary judgment to dismiss Plaintiff's complaint in its entirety, with prejudice. Defendant Maury Greenberg, M.D. (hereinafter "Dr. Greenberg") cross moves for identical relief.
Plaintiff opposes the motion and cross motion. 
After oral argument, review of the moving papers and opposition thereto, Defendants' motions are granted.
CPLR 2221 [d] [2] provides that a motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended (emphasis added) by the court in determining the prior motion but shall not include any matters of fact not offered on the prior [*2]motion" (see James v Nestor, 120 AD2d 442, 443 [1st Dept 1986]).
Here, the Court finds that it misapprehended the facts by finding that a triable issue of fact exists as to Dr. Greenberg's palpation of the left eye and how it affected the surgical recommendation or treatment options of Dr. Irina Koreen, Plaintiff's ophthalmologist who performed a enucleation procedure and provided an expert affirmation in support of Defendants' motions. The moving papers establish that Dr. Koreen recommended enucleation rather than repair because Mr. Sampath had no vision in his left eye, and she sought to preserve his right eye's vision. Accordingly, Dr. Koreen's recommendation was not based on the extent of damage to his left eye, as the Court found, thus, re-argument is warranted. 
Upon re-argument, the Court finds that Plaintiff's expert, Dr. Barry Drucker (hereinafter "Dr. Drucker"), did not address Dr. Koreen's opinion regarding why she recommended an enucleation over a globe repair due to Plaintiff's risk of sympathetic ophthalmia. Significantly, Dr. Drucker was silent on Dr. Koreen's opinion that Plaintiff could lose vision out of his right eye, rendering him completely blind, if the left eye was repaired. Based on Dr. Drucker's failure to address this issue, Plaintiff has failed to raise a triable issue of fact regarding causation, thus, the Defendants' respective motions for summary judgment are granted. 
Contrary to Plaintiff's opposition, the Court finds that Defendants have established that the Plaintiff's expert's silence as to crucial aspects of the Defendants' expert's testimony is grounds for granting summary judgment (see Sukhraj v. New York City Health and Hospitals Corp., 106 AD3d 809 [2d Dept 2013] [holding that summary judgment is warranted where plaintiffs' expert failed to address important elements set forth by the defendant's expert regarding causation]; Barrett v. Hudson Valley Cardiovascular Associates, 91 AD3d 691 [2d Dept 2012] [ruling that an affirmation that fails to address contentions raised by defense experts and fail to refer to any specific facts or other evidence is not sufficient to raise issue of fact]; Swanson v. Raju, 95 AD3d 1105 [2d Dept 2012] [holding that the plaintiff's expert failed to raise a triable issue of fact because the expert failed to address important elements of the defense expert's affirmation]).
Based on the foregoing, it is hereby
ORDERED, that the motion and cross motions for re-argument of Defendants, NYPH and Dr. Greenberg, are granted, and, upon re-argument, summary judgment dismissing Plaintiff's complaint is granted as to both Defendants.
DATE 2/4/2025
KATHY J. KING, J.S.C.