■ EDWARD J. SKELLIE, Appellant, v. DELAWARE AND HUDSON RAILROAD CORPORATION, Respondent.— Appeal from an order of the Supreme Court, Trial Term, Otsego County granting defendant's motion, made at the close of the plaintiff's case, to dismiss the complaint in a negligence action, and from the judgment entered on said order. Plaintiff was injured when the automobile which he was operating was struck by defendant's locomotive at a railroad grade crossing. As a result of his injuries he has no recollection of the accident or of the events immediately preceding it. The accident occurred at about 9:30 in the morning of a February day. The highway surface was wet. The highway upon which plaintiff approached descended at a 9% grade to a point about 25 feet from the center of the track, from which point the road was substantially level. A witness, sitting in an automobile truck a short distance from the crossing, observed plaintiff's automobile descend the grade "quite slowly" to a point at or slightly beyond a flashing crossing signal about 25 feet from the track. The witness said: "He stopped, and it looked like his car slid until it got down to where it looked like his bumper was even with the track closest him and then his car lunged and the train hit him." The only other eyewitness to the operation of the automobile, a fireman on the approaching train, said that plaintiff's car approached the crossing slowly, that it came to a stop 15 to 25 feet from the track and then started up again "suddenly". Affirmative proof of plaintiff's freedom from contributory negligence as he approached and reached the crossing was, of course, necessary to any recovery. (*Wieland* v. *Delaware &*

*Hudson Canal Co.*, 167 N. Y. 19, 27). The evidence seems to us to suggest no inference helpful to his case. "And when the circumstances point as much to the negligence of the [plaintiff] as to its absence, *or point in neither direction,* a nonsuit should be granted." (Emphasis supplied.) (*Wiwirowski* v. *Lake Shore & Michigan So. Ry. Co.*, 124 N. Y. 420, 425.) It follows that the nonsuit was properly granted. The trial court properly sustained respondent's objection to a hypothetical question propounded to a psychologist, designed to elicit an opinion as to appellant's "startle reaction" and its probable effect, when he observed an unscheduled train coming from the direction opposite to that from which he expected a regular train to come. Under the circumstances, this would not appear to be a proper subject of expert opinion testimony but, in any event, the hypothesis was largely conjectural. Judgment and order affirmed, without costs. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.