OPINION OF THE COURT
Harold Tompkins, J.
The motion for leave to withdraw as attorneys by Summit Solomon & Feldesman and plaintiff’s cross motion for sanctions and other relief are consolidated for disposition and decided as noted below.
The court heard oral arguments on the record on the return *850 date of these motions. Although the Herskowitz defendants were made aware of the return date of this motion by their counsel, they chose not to appear.
Plaintiffs counsel stated at oral argument that there was no objection to the withdrawal of Summit Solomon & Feldesman as counsel for the Herskowitz defendants. Plaintiff sought to condition the withdrawal of counsel on the waiver by the court of the 30-day stay and on the requirement that the Herskowitz defendants, or any new counsel, provide accurate addresses for the service of papers. Plaintiff also seeks sanctions on the Herskowitz defendants for their bad faith in bringing repetitive, identical motions for dismissal based on jurisdictional arguments that were previously denied and the pattern of engaging and discharging counsel.
The motion for leave to withdraw as counsel by Summit Solomon & Feldesman is granted. The Herskowitz defendants have failed to pay their legal fees and have been noncooperative with their counsel. The court notes that Summit Solomon & Feldesman is the fourth law firm representing the Herskowitz defendants. Each prior counsel has been permitted to withdraw based upon nonpayment of legal fees. The effect of this series of new counsel has been to delay for several years the resolution of this litigation.
The court records also reflect that this motion is the 24th motion in this action. The initial jurisdictional motions to dismiss were denied by Justice Silbermann on May 8, 1990. In its decision of October 2, 1991, this court denied the Herskowitz defendants’ motion to dismiss as being the third attempted reargument of the court’s decision of April 9, 1991 and order of May 21, 1991 and the prior order of Justice Silbermann which resolved the jurisdictional issue. The Herskowitz defendants have repeatedly reargued the jurisdictional issue by denominating as new motions without properly identifying them as reargument motions. They have repeatedly claimed that the jurisdictional issue was never heard despite continued rulings by this court and by Justice Silbermann who denied reargument on this issue. There is no legitimate basis for four reargument motions on one issue. These activities by the Herskowitz defendants were done not to reach the merits of this action, but to harass their adversary and take advantage of the transfer of this action from another Individual Assignment System part to delay the case. The court therefore permits withdrawal of counsel but determines that the pro *851 ceedings shall not be stayed (CPLR 321). The Herskowitz defendants should not obtain a benefit caused by their own misconduct.
Pursuant to CPLR 2101 (d), the Herskowitz defendants are directed to indicate on each of the papers they serve or file their names, accurate addresses and telephone numbers. They shall also serve a copy of all papers on plaintiff’s counsel rather than sending them ex parte to the court. Particularly now that the Herskowitz defendants will be representing themselves, plaintiff must have an accurate address for service of papers.
Finally, the application for sanctions against the Herskowitz defendants individually is granted. Their actions have been designed to delay and harass plaintiff to repeatedly raise and reraise the same issues for determination on which there have already been decisions. Their actions constitute frivolous behavior pursuant to 22 NYCRR subpart 130-1 (see, Matter of Minister of Refm. Dutch Prot. Church v 198 Broadway, 76 NY2d 411 [1990]; Silverman v Leucadia Inc., 159 AD2d 254 [1st Dept 1990]). The court grants sanctions against them in the sum of $5,000 as compensation to plaintiff’s counsel for the time and expense incurred by reason of the Herskowitz defendants’ wrongful conduct. The court has set the sanction in this action at $5,000. The maximum permissible sanction in any one action is $10,000 pursuant to 22 NYCRR 130-1.2. A committee of the State Bar Association chaired by Honorable Hugh R. Jones (former Judge of the Court of Appeals) recommended revisions to part 130, including the elimination of $10,000 maximum penalty. The State Bar Association’s House of Delegates adopted the committee’s report and forwarded it to the Legislature and the Chief Judge. Neither the Legislature nor the Chief Judge took any action to adopt these recommendations. The circumstances of this case demonstrate a principal reason to eliminate the $10,000 limit. The sanction in this case is less than the amount appropriate to compensate plaintiff’s counsel. If the court imposed the maximum sanction of $10,000, the Herskowitz defendants would have no financial disincentive of a sanction penalty to ward off future frivolous behavior (see, Martin-Trigona v Capital Cities/ABC, 145 Misc 2d 405 [Sup Ct, NY County 1989]). The sanction shall be entered as a separate judgment payable to her counsel.