Bernard Nadel, J.
This is an article 78 proceeding wherein the petitioner seeks an order annulling or modifying a determination by the Conciliation and Appeals Board.
The petitioner is the owner of an apartment complex which is subject to the Rent Stabilization Law (Administrative Code of City of New York, §§ YY51-10 — YY51-7.0) and code promulgated pursuant thereto. The dispute herein concerns the installation of air-conditioning units by the tenants and the additional charges to tenants for such installation. Underlying this dispute is the recent energy situation which has brought about sharp increases in the cost of electricity. These sharp increases in the utility charges have, according to the petitioner, caused it to suffer significant losses since the respondent’s interpretation of the law prevents petitioner from charging its tenants for the actual cost of electricity consumed by their air conditioners. In view of these losses and the limitations imposed by the respondent the petitioner changed *1004 its policy and decided not to permit any further installation of air conditioners. This decision gave rise to the proceeding brought by the tenants before the respondent, which resulted in the determination at issue.
That determination found and provided that the petitioner’s base date prevailing practice was to allow any and all tenants the right to install one or more air conditioners within their apartments conditioned solely upon the tenant paying an additional charge and installing the unit properly. In light of this finding, the respondent directed the petitioner to continue to permit the prevailing practice of granting tenants permission to install one or more air conditioners at their own cost and expense, in a reasonable and safe manner, and at a reasonable charge payable to the petitioner.
In considering this directive the language of the applicable lease provision should be noted. Clause 22 of the lease reads as follows: "No ventilating or air conditioning units shall be installed or used in the leased premises except on condition that the Landlord’s prior written consent and approval of the units and the installation thereof be obtained and tenant pays as additional rent such charge as may be required by the Landlord.”
Section 62 of the Rent Stabilization Code forbids any modification or elimination of required services which under subdivision (m) of section 2 of said code are defined as those services which were furnished (prevailing practices) or were required to be furnished for the dwelling unit on May 31, 1968.
The question of what constitutes a required service presents a factual issue which is to be determined by the respondent administrative agency. (Sherwood Assoc. v Conciliation & Appeals Bd., NYLJ, Sept. 22, 1971, p 2, col 3.) The respondent, based on its findings of fact, was not acting arbitrarily in determining the petitioner’s prevailing practice on the base date May 31, 1968. The directive to petitioner to continue its prevailing practice is authorized by section 62 of the code and to the extent that lease clause 22 may be more restrictive, it is barred and suspended by subdivision (a) of section 10 of the code which provides that: "Henceforth no lease shall contain any provisions which are inconsistent with the Rent Stabilization Law or this Code.”
The determination at issue further provided that a yearly charge for a first air conditioner of $98 and $70 for each *1005 additional unit installed on or after May 1, 1974 is not unreasonable and that subsequent increases must be limited to guidelines allowances commensurate with the lease renewal rate. In addition, the respondent held that as to air conditioners installed prior to May 1, 1974 at a lower charge the owner is limited to the rate initially charged plus the appropriate guidelines allowances.
In reaching its decision as to the amount which may be charged for units installed on or after May 1, 1974, the respondent considered cost estimates submitted by the petitioners in conjunction with reports obtained from Consolidated Edison. The respondent may not be said to have acted in an arbitrary or capricious manner or in abuse of its discretion by not accepting the petitioner’s cost estimates. Moreover, there is a rational basis for holding that additional air conditioners are not used as extensively as the main unit.
As to the requirement that the petitioner limit any increases over and above the initial air conditioner charges to guidelines increases, the respondent properly followed the requirements of section 20 (subd [c], par [1]) of the code which sets forth the extent of permissible increase. The court is not unsympathetic to the petitioner’s situation occasioned by the recent sharp increases in the cost of electricity, however, since the respondent administrative agency has not acted arbitrarily, any relief found warranted must come from the Legislature.
The holding by the respondent that the petitioner may not include a clause in renewal leases reserving the owner’s rights to increase the rent pursuant to any Federal, State, county or city law is a proper interpretation of section 60 of the code which requires renewal leases on the same terms as the expiring lease.
Although the respondent specifically stated in its opinion at issue that the owner’s request for a prior opinion as to its right to treat tenant installations of air conditioners as a license is being considered as part of these proceedings rather than as a separate independent application, it failed to explicitly issue such an opinion. The court does not intend to pass upon what may be inferred as the respondent’s negative opinion in that respect.
Accordingly, this application is granted solely to the extent of remanding the matter to the respondent to issue the *1006 indicated prior opinion requested, and is, in all other respects, denied.