Arnold Guy Fraiman, J.
Application pursuant to CPLR article 78 for an order annulling a determination of respondent Conciliation and Appeals Board on the ground that it is arbitrary, capricious and contrary to law, is dismissed. Petitioner is the owner of a residential apartment building at 600 West End Avenue which is subject to the Rent Stabilization Law. On October 1, 1968 petitioner entered into a two-year lease with a tenant occupying apartment 11A on the premises. The lease provided that electric service was included in the rent but that if the tenant wished to install air conditioning, she would be charged $35 per unit per year for electricity. The tenant installed a single air- conditioning unit and paid petitioner $35 in 1969 and in 1970. Her lease was subsequently periodically renewed but no provision was contained in the renewal leases concerning a specific charge for *969 electricity for air conditioning. Nevertheless, in 1971 the tenant was billed and paid $40 for the electricity for her air-conditioning unit; she paid $50 per unit for 1972 and 1973; and she paid $25 for 1974 (when she was out of the city for most of the summer). In 1975 petitioner billed the tenant $100 and she paid $75 and commenced a proceeding before respondent which resulted in a determination on November 20, 1975 which is the subject of the instant proceeding. That determination found that the agreement for the additional charge of $35 for the use of an air conditioner was not inconsistent with the Rent Stabilization Law, but that once such a charge was included in the rent, subsequent increases were limited, in accordance with section 2 (subd [m], par [i]) of the Rent Stabilization Code, to permissible rent guideline levels upon lease renewals. Adopting the guidelines to the $35 charge, respondent determined that petitioner was entitled to a 9% increase in 1970, or $38.15, and a 10.5% increase in 1972 for the succeeding three years, or $42.16, and that payments by the tenant in excess of these amounts had to be credited against the tenant’s future rent. In addition, petitioner was advised that respondent’s determination was applicable to all similarly situated tenants in the building and it was directed to grant similar relief to them without the issuance of separate directives by respondent.
The determination by respondent that electricity for air-conditioning units in the subject premises comes within the definition of “required services” as set forth in section 2 (subd [m], par [i]) of the Rent Stabilization Code and that charges therefor are controlled by rent guideline levels fixed by the Rent Stabilization Law, would appear to be in accord with recent decisions of this court (see, e.g., Fresh Meadows Assoc. v Conciliation Appeals Bd., 88 Misc 2d 1003; Sherwood Assoc. Conciliation Appeals Bd., NYLJ, Sept. 22, 1971, p 2, col 3). Petitioner’s contention that section 2 (subd [m], par [ii]) of the code, which deals with services provided a tenant by an independent contractor pursuant to a contract with the landlord, rather than section 2 (subd [m], par [i]), is controlling, and that the charge for operation of an air-conditioning unit, therefore, does not come under the guideline limitations, is unsupported by any decisional law. Under such circumstances, where, as here, the interpretation of respondent, which is responsible for the implementation and enforcement of the rent laws, is supported by a rational basis, the court must give *970 it controlling weight. (Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104.)
With respect to so much of respondent’s determination as directs petitioner to make similar adjustments in the rents of all similarly situated tenants in the premises without the issuance of separate orders, the court believes that this is eminently sound and does not violate petitioner’s right to due process. The determination by respondent would be res judicata as to petitioner in any proceeding brought by any other similarly situated tenant. Hence no purpose would be served by requiring the institution of such separate proceedings.