In the Matter of JACK PARKER, Doing Business as PAR-
MAN CO., Appellant, v CONCILIATION AND APPEALS
BOARD OF THE CITY OF NEW YORK, Respondent.

First Department, November 6, 1980

### APPEARANCES OF COUNSEL

*Gary M. Rosenberg* of counsel *(Rosenberg & Estis, P. C.,* attorneys), for appellant.

*William E. Rosen* of counsel *(Ellis S. Franke,* attorney), for respondent.

### OPINION OF THE COURT

MURPHY, P. J.

Four tenants filed complaints with the Conciliation and Appeals Board (CAB) that they were being overcharged for the installation and operation of air conditioners by the

landlord Parman Co. (Parman). The latter had been charging a flat rate of $20 per month for each air conditioner installed. The CAB ruled in each case that it had previously set a charge of $98 per annum for a first unit for the 1975 air-conditioning season in *Fresh Meadow Assoc. v Conciliation & Appeals Bd.* (88 Misc 2d 1003, affd 55 AD2d 559, affd 42 NY2d 925; Opns of NY City Conciliation & Appeals Bd Nos. 3532, 4584). Using that base figure, the CAB then made its calculations for the succeeding years in accordance with the adjustments permitted by the Rent Guidelines Board. The CAB further ruled that Parman was only permitted to make additional charges from the date of the installation.

In Opinion No. 3532, the CAB found, *inter alia,* that $98 per annum was a proper charge for a first unit installed on or after May 1, 1974. It should be observed that May 1, 1974 was the start of the 1974 air-conditioning season. Nonetheless, since the CAB's order was to take effect at the commencement of the 1975 air-conditioning season, the CAB in the present proceeding could reasonably look upon the $98 charge as the one set for the 1975 season.

In the course of its determination in *Fresh Meadows (supra),* the CAB noted that the owner's engineer had calculated that the actual cost of running each air conditioner was $111 per year. The CAB further stated that the owner had voluntarily reduced the charge to $98 for first units installed after May 1, 1974. However, Consolidated Edison had advised the CAB "that it estimates the average operating cost per air conditioner at $96.00 per year based on the #1 service classification rate of 13.5¢ per Kilowatt hours and further based on the assumption that the size of tenants' air conditioners average 10,000 to 12,000 BTU's and are operated by tenants on an average of 700 hours per year." In adopting the figure of $98 per annum for first unit installations made after May 1, 1974, the CAB undoubtedly gave significant weight to Consolidated Edison's study even though it does not expressly say so.

It should be emphasized that Opinion No. 3532 was tailored to the specific facts presented in the *Fresh Meadows* case. There was no indication in the CAB's determination that the $98 charge was to serve as a base rate for the

1975 air-conditioning season for all rent-stabilized buildings in New York City. Therefore, in upholding the CAB's determination in *Fresh Meadows (supra)*, the courts never passed upon that question.

In this proceeding, Parman submitted to the CAB proof suggesting that its electrical cost for a first unit in the 1975 air-conditioning season was $112.92 per annum. The CAB rejected this proof and adopted the $98 per annum charge that was set in *Fresh Meadows*. For the following reasons, we find that there was no rational basis for this administrative determination *(Matter of Colton v Berman*, 21 NY2d 322, 329).

We agree with the statements made by the CAB in its brief before this court in *Fresh Meadows (supra)*: "It is the purpose of the Rent Stabilization Law and Code to permit reasonable charges for ancillary services and to provide periodic rent increases in accordance with Rent Guidelines orders for continuance of such services." The CAB further noted in its brief that it was required to set reasonable charges to insure that the level of fair rent increases under the Rent Stabilization Law was not subverted (Administrative Code of City of New York, § YY 51-6.0, subd c, par [5]).

In the instant proceeding, the CAB did not take any proof as to whether the buildings owned by Parman could be considered the same as the buildings in the Fresh Meadows complex for purposes of calculating electrical usage. The proof submitted to the CAB was not sufficient for it to compare the relative age, design or conditions of the two sets of buildings. Likewise, the inadequate evidence before the CAB did not permit it to ascertain whether the air conditioners in each complex were similar in size and efficiency ratio. The return is also silent on countless other factors that are relevant to this dispute. For example, there is no indication as to whether the tenants in the two complexes used their air conditioners the same number of hours per season.

Although Parman is not entitled as a matter of right to the actual electric costs incurred by providing the air conditioners, the charges set by the CAB must have a reason-

able relationship to the facts presented in each case. The CAB has no valid reason to assume that the Consolidated Edison's report in *Fresh Meadows (supra)* controls the factual situation herein. That report may have a continued relevancy in this case but proof must be presented to show its applicability to the present dispute. Moreover, Parman must be given an opportunity to challenge that report in this administrative proceeding. In short, the CAB should treat each building or complex of buildings upon its own merits. It is not rational to do otherwise. At present there is no evidence in the record to support the CAB's determination as to the proper charge for a first unit in any of the subject years.

Turning to a related point, the CAB held that the tenants were only required to pay additional charges from the date that the use of the air conditioners commenced. In each instance, the tenant had waited to the start of the air-conditioning season before contracting to use the air conditioners. By waiting until the start of the season, the tenants were thus able to avoid a portion of the extraordinary electrical charges that are normally spread over a 12-month period. Again, we find this ruling to be less than rational since it does not give Parman a fair recovery for the extraordinary electrical charges incurred in the peak season. In calculating the additional charges to be paid by the tenants, the CAB should take cognizance of the fact that an extraordinary amount of electricity is used during the summer months. The CAB should use an appropriate formula to give weight to this fact.

We find no merit to the other points raised by appellant Parman on this appeal.

Accordingly, the judgment of the Supreme Court, New York County (HUGHES, J.), entered September 6, 1979, dismissing the petition, should be modified on the law, to reinstate the petition and to grant it to the extent of annulling the administrative determinations and remanding those matters for further proceedings not inconsistent herewith, and, as modified, it should be affirmed, without costs.

SILVERMAN, J. (dissenting). We would affirm the order appealed from.

*Fresh Meadows Assoc. v Conciliation & Appeals Bd.* (88 Misc 2d 1003, affd 55 AD2d 559, affd 42 NY2d 925), considered the Conciliation and Appeals Board (CAB) rulings with respect to allowable charges by a landlord to rent-stabilized tenants for electricity costs incident to the use of newly installed air conditioners. In that case, the court sustained the power of CAB to fix a reasonable charge based upon, among other things, an area survey by Consolidated Edison even though those charges were based on guidelines which may not have reflected the actual cost for electrical current to a particular landlord in the particular apartments. We think it was within the power of CAB to make the same ruling in the present case.

Ross and CARRO, JJ., concur with MURPHY, P. J.; SANDLER and SILVERMAN, JJ., dissent in an opinion by SILVERMAN, J.

Judgment, Supreme Court, New York County, entered on September 6, 1979, modified, on the law, to reinstate the petition and to grant it to the extent of annulling the administrative determinations and remanding those matters for further proceedings not inconsistent with the opinion of this court filed herein, and as modified, affirmed, without costs and without disbursements.