■ In the Matter of ROYAL REALTY Co., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.—Judgment, Supreme Court, New York County (Jawn A. Sandifer, J.), entered June 30, 1989, which dismissed petitioner's CPLR article 78 petition seeking to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR) which granted respondent tenant's petition for administrative review (PAR), reversed the finding of the Rent Administrator that there had been no rent overcharge, established the lawful stabilized rent for the apartment in question and determined the amount of overcharges, including treble damages, unanimously affirmed, without costs.

Respondent Robert M. Bogan is the lawful rent-stabilized tenant of the subject apartment. The first stabilized tenant upon vacancy decontrol, named Bond, entered into possession under a two-year lease commencing June 16, 1978 and ending May 31, 1980 at a monthly rent of $425. Bond vacated prior to the expiration of the lease. Petitioner, the owner of the building, then entered into a three-year lease with Levin, a relative of one of its principals, to commence February 1, 1980 at a monthly rent of $552.50. Levin, who vacated the apartment on July 31, 1980, never paid rent or a security deposit. Bogan then entered into a one-year lease commencing August 1, 1980 at a monthly rent of $640.90 and filed a complaint of rent overcharge. The District Rent Administrator found no overcharge and Bogan filed a PAR. DHCR granted the petition on the ground that Levin's tenancy should not have been used when calculating Bogan's initial rent and assessed treble damages. The determination was based upon the Rent Stabili-

zation Code and the equities involved, including the fact that Levin had either never occupied the unit or occupied it for only six months, that the increase above the initial legal regulated rent would have been collectible for only the last two months of Levin's tenancy (after expiration of Bond's lease term), and that the Levin lease commenced on the first date the stabilized vacancy allowance increased from 5% to 15%. DHCR further found that petitioner failed to establish that the overcharge was not willful.

Petitioner thereafter commenced this article 78 proceeding. The Supreme Court, in dismissing the petition, held that the determination had a rational basis and that petitioner had failed to sustain its burden of establishing that the actions of the agency were arbitrary and capricious. We agree.

In an article 78 proceeding, the court cannot interfere unless there is no rational basis for the administrative action or the action complained of is arbitrary or capricious (CPLR 7803 [3]; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Courts are not permitted to substitute their judgment for that of the administrative agency where said decision is rationally based on the record *(Fresh Meadows Assocs. v Conciliation & Appeals Bd.,* 88 Misc 2d 1003, *affd* 55 AD2d 559, *affd* 42 NY2d 925). The petitioner has the burden of establishing that the actions of the agency were arbitrary and capricious *(Matter of Bergstein v Board of Educ.,* 34 NY2d 318). Here, the record supports the finding that petitioner increased the stabilized rent 30% as a result of the Levin tenancy and that the overcharge was willful (Administrative Code of City of New York § YY51-6.0.5 [now renum § 26-516]). Concur—Rosenberger, J. P., Kassal, Ellerin and Rubin, JJ.