■ In the Matter of 140 WEST 57TH STREET CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and JOHN MORRIN et al., Intervenors-Respondents. [689 NYS2d 77] —Order, Supreme Court, New York County (Luis Gonzalez, J.), entered on or about July 9, 1998, which denied petitioner landlord's CPLR article 78 application to annul respondent Division of Housing and Community Renewal's (DHCR) determination finding a reduction in certain building-wide services, directing the restoration of such ser-

vices, and directing a rent reduction, unanimously affirmed, without costs.

What constitutes essential or required services within the meaning of the rent laws and whether they have been reduced are factual questions to be determined by DHCR (*see, Matter of ANF Co. v Division of Hous. & Community Renewal*, 176 AD2d 518, 520, citing *Fresh Meadows Assocs. v Conciliation & Appeals Bd.*, 88 Misc 2d 1003, 1004, *affd* 55 AD2d 559, *affd* 42 NY2d 925). That is certainly no less the case where, as here, DHCR deems such questions to depend largely on witness credibility and holds a hearing. The record, in particular, the testimony of the tenants, provides ample rational basis for DHCR's findings that the services and amenities in issue were reduced, and that the reductions were not de minimis. We have considered petitioner's arguments that the determination should be annulled because, prior to the issuance of the Rent Administrator's order, it was not given a copy of the Administrative Law Judge's report, and also was not given an opportunity to correct any violations, and find them to be unpersuasive. Concur—Nardelli, J. P., Tom, Lerner, Mazzarelli and Friedman, JJ.