OPINION OF THE COURT
Michael D. Stallman, J.
It is adjudged that this CPLR article 78 petition is denied, and the proceeding is dismissed.
In this article 78 proceeding, petitioner challenges a determination dated September 12, 2011 by the New York City Department of Buildings (DOB), which denied petitioner’s application for a site safety manager certificate. Petitioner claims that Carmen Cofrancesco, a site safety manager, supervised petitioner during his 18 months of on-the-job training program experience, which allegedly began in May 2008.
The denial states that the application was denied because of “[insufficient practical experience” and “[d]id not complete an 18-month on-the-job training program as described in Chapter 33 of the NYC Building Code.” (Petitioner’s exhibit 1.) DOB explained in its denial that documents that petitioner submitted with the application
*272 “are not acceptable proof that the candidate satisfactorily completed an on-the-job training program as described above as none of the candidate’s monthly summaries were notarized.
“Additionally, when interviewed, the candidate and Cofrancesco stated that the candidate completed the monthly summaries and they were then signed by Cofrancesco on the date listed on the bottom of the summaries; however, several of the summaries were signed on Saturday’s [sic] and Cofrancesco stated they did not work on Saturday’s [sic]. Furthermore, two summaries were submitted for July 2008, one with the date August 9, 2008, and one with the date August 2009. The candidate also submitted monthly summaries stating he was at 305 West 115th Street and 2271 Washington Avenue during the 18 month on the job training program. The candidate and Cofrancesco stated that the candidate spent approximately 75% of his time at 305 West 115th Street and 25% of his time on other projects, and several of them were not major building projects; therefore, the amount of qualifying time spent on major building projects may be less than 18 months. The Department has determined all experience obtained after the enactment of the July 2008 code, must be in compliance with the code requirements described above.” (Id.)
Petitioner argues that DOB erred in requiring contemporaneously notarized monthly summaries for job experience. Petitioner maintains that he consulted and relied upon 1 RCNY chapter 26, Appendix A (D), which does not expressly require contemporaneously notarized monthly summaries of petitioner’s on-the-job training. Subdivision (D) (3) (a) of Appendix A of chapter 26 of title 1 of the Rules of the City of New York stated, in pertinent part, “Each month, the site safety manager shall summarize the trainee’s activities in the site safety log or other record, and shall certify as to the trainee’s satisfactory completion of the program.” (Verified answer ¶ 49.) It is undisputed that chapter 26 was repealed, effective January 2, 2009.
Petitioner acknowledges that 1 RCNY 104-08, which became effective July 1, 2008, expressly states, in pertinent part, “Dated and notarized summaries must have been completed by the certified supervising site safety manager at the end of every month specifying the location and nature of the construction activity at *273 the location for the month covered” (1 RCNY 104-08 [a] [3] [iv]). However, petitioner asserts that 1 RCNY 104-08 did not expressly repeal 1 RCNY chapter 26, Appendix A, which remained in effect until January 2, 2009. Moreover, petitioner claims that, even as of August 2008, DOB’s interpretation that the summaries must be notarized at the end of every month was not stated to applicants on DOB’s memorandum entitled, “How To Become a New York City Certified SITE SAFETY MANAGER,” available on DOB’s Web site. (Verified petition, exhibit 7.) Petitioner claims that this document fails to provide any link to 1 RCNY 104-08, which sets forth the notarization requirement. Respondents contend that the document does contain a link to 1 RCNY 104-08.
Respondents explain that, prior to the promulgation of 1 RCNY 104-08, the qualifications for a site safety manager were listed in the “Department of Buildings Manual for Site Safety Programs” (the Manual), contained in Appendix A of chapter 26 of title 1 of the Rules of the City of New York. However, respondents point out that subdivision (A) of the Manual clearly stated,
“This ‘Manual’ outlines the requirements of the site safety programs submitted to the Department of Buildings . . . They are not intended, however, to supersede any requirements of the Building Code, or rules and regulations promulgated by the Buildings Department or any other city, state, or federal agency, pertaining to site safety and other construction activity.” (Verified answer If 49 [emphasis supplied].)
Therefore, petitioner’s argument that the former provisions of the Manual controlled, instead of 1 RCNY 104-08, is without merit.
“It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld.” (Matter of Howard v Wyman, 28 NY2d 434, 438 [1971].)
“Where the question is one of ‘pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency’, and no deference is required. However, where the statutory language suffers from some ‘fundamental ambiguity’, or ‘the interpretation of a statute or its application involves knowl *274 edge and understanding of underlying operational practices’, courts routinely defer to the agency’s construction of a statute it administers.” (Matter of New York City Council v City of New York, 4 AD3d 85, 97 [1st Dept 2004] [citations omitted].)
Here, section 104-08 (a) (3) (iv) of title 1 of the Rules of the City of New York states, “Dated and notarized summaries must have been completed by the certified supervising site safety manager at the end of every month . . . .” The rule expressly provides that a certified supervising site safety manager must complete the summaries “at the end of every month,” and that the summaries must be dated and notarized.
DOB’s interpretation that the summaries must also be dated and notarized “contemporaneously” with their completion is a reasonable construction of 1 RCNY 104-08. If the summaries are undated, then DOB cannot objectively determine whether a certified supervising site safety manager completed the summaries at the end of every month, which is clearly required under the rule. If the summaries are not notarized “contemporaneously” with the completion of the summaries, there is no check upon the possibility that the summaries would be backdated. Respondents contend that this requirement decreases the likelihood that the summaries are backdated.
Petitioner’s lay interpretation that 1 RCNY 104-08 did not require “contemporaneously” dated and notarized summaries is not entirely unreasonable. The rule could have been written more clearly for a layperson that the summaries must be notarized contemporaneously with their completion. However, because DOB’s interpretation of 1 RCNY 104-08 is neither irrational nor unreasonable, its interpretation must be upheld.
As petitioner points out, 1 RCNY 104-08 went into effect after petitioner had purportedly completed 2 out of the 18 months of on-the-job training. There is some appeal to petitioner’s argument that DOB’s interpretation of 1 RCNY 104-08 should not be applied to summaries for the period before the rule came into effect. Otherwise, it would be impossible for petitioner to obtain contemporaneously notarized summaries for that period. However, this argument would not explain or excuse petitioner’s noncompliance with the rule after it became effective. Because DOB’s interpretation of 1 RCNY 104-08 is reasonable, respondents did not act arbitrarily or capriciously in denying petitioner’s application for a site safety manager certificate based on the lack of contemporaneously notarized summaries of petition *275 er’s on-the-job training. None of the summaries submitted are notarized.
Petitioner also contends that DOB allegedly did not mention to petitioner that his summaries were not notarized when it requested further items for petitioner’s application, and that DOB delayed in issuing its denial. According to a DOB inspector who allegedly met with petitioner in December 2009, petitioner was informed that he and Cofrancesco would be interviewed during the background process because his summaries were not notarized. (Schultz aff ¶ 9.)
To the extent that petitioner argues that DOB should be estopped from raising the requirement that the summaries be contemporaneously notarized, there is no basis here for the application of estoppel.
“[E]stoppel cannot be invoked against a governmental agency to prevent it from discharging its statutory duties. Among other reasons, to permit estoppel against the government ‘could easily result in large scale public fraud.’ While we have not absolutely precluded the possibility of estoppel against a governmental agency, our decisions have made clear that it is foreclosed ‘in all but the rarest cases.’ . . . “Furthermore, the law is clear that those who deal with the government are expected to know the law, and cannot rely on the conduct of government agents contrary to law as a basis for ‘manifest injustice’ claims.” (Matter of New York State Med. Transporters Assn, v Perales, 77 NY2d 126, 130-131 [1990] [citations omitted].)
Although petitioner claims that he had practical experience on other projects, the court may not consider this alleged on-the-job experience. “[Jjudicial review of administrative determinations is confined to the ‘facts and record adduced before the agency.’ ” (Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000].) It appears that not all of the other projects were presented to DOB in the application process as qualifying on-the-job training experience. In a letter to DOB dated November 6, 2009, Cofrancesco mentioned only 3 of the 11 projects constituting the additional on-the-job experience. (Verified petition, exhibit 5.) Moreover, all but two of the monthly summaries submitted to DOB concerned the project at 305 West 115th Street, and the two remaining summaries concerned 2271 Washington Avenue. (Verified answer, exhibit F.) No summaries *276 were apparently submitted to DOB concerning the other projects.
The court finds unpersuasive petitioner’s argument that DOB’s insistence that the summaries be contemporaneously notarized essentially elevates form over substance. It would appear that DOB requested additional documentation from petitioner to substantiate the on-the-job experience, given that petitioner’s summaries did not comply with 1 RCNY 104-08. (See Schultz aff 1Í 9.) In sum, the quantum of proof that petitioner presented to DOB was not sufficient to resolve the agency’s doubts and concerns about petitioner’s experience, which were raised not only by the documents themselves, but also from the interviews that DOB conducted. Petitioner is essentially asking the court to second-guess the agency’s belief, notwithstanding noncompliance with 1 RCNY 104-08. “Courts are not permitted to substitute their judgment for that of the administrative agency where said decision is rationally based on the record.” (Matter of Royal Realty Co. v New York State Div. of Hous. & Community Renewal, 161 AD2d 404, 405 [1st Dept 1990].)
Finally, petitioner’s request for limited discovery of tape recordings, memoranda, and notes relating to interviews that respondents conducted, as well as a deposition concerning DOB’s delay, is denied. The request was first raised in reply, and the discovery sought does not change the fact that the summaries submitted were not notarized contemporaneously.