Matter of Lurie v New York City Dept. of Educ.

2026 NY Slip Op 02784

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Amanda Spina Lurie, Petitioner-Appellant,

v

New York City Department of Education, et al., Respondents-Respondents.

Decided and Entered: May 05, 2026

Index No. 162176/23|Appeal No. 6529|Case No. 2025-03133|

Before: Manzanet-Daniels, J.P., Kapnick, Rodriguez, Pitt-Burke, O'Neill Levy, JJ.

Rutkin & Wolf PLLC, White Plains (Mitchell Rutkin of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Chloé K. Moon of counsel), for respondents.

[*1]

Judgment (denominated an order), Supreme Court, New York County (Ariel D. Chesler, J.), entered on or about February 25, 2025, denying the petition to annul a determination of respondent New York City Department of Education (DOE), dated August 23, 2023, terminating petitioner's employment, granting DOE's cross-motion to dismiss the petition, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

DOE terminated petitioner after an investigation by the agency's Office of Special Investigations substantiated allegations that she committed time theft and time fraud over a period of nearly two years. DOE's determination was "rationally based on the record" and was not arbitrary and capricious (Matter of Royal Realty Co. v New York State Div. of Hous. & Community Renewal, 161 AD2d 404, 405 [1st Dept 1990]).

Petitioner's submissions, including affidavits from her former colleagues and New York Post articles about the investigation, are not properly before this Court, which "is limited to consideration of evidence and arguments raised before the agency when the administrative determination was rendered" (Matter of 333 E. 49th Partnership, LP v New York State Div. of Hous. & Community Renewal, 165 AD3d 93, 99 [1st Dept 2018], lv denied 33 NY3d 908 [2019]). Petitioner's argument that the penalty of termination shocks the conscience is "unpreserved, as it was not raised in the petition" (Matter of Kim v Kelly, 104 AD3d 556, 556 [1st Dept 2013]).

We have considered petitioner's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026